Filed 7/16/24  Becharoff Capital Corp. v. Dagstanyan CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| BECHAROFF CAPITAL CORP., et al., | B323488 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. |
| v. | Nos. EC064805, EC067628) |
| GRANT DAGSTANYAN et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John Kralik, Judge.  Affirmed.

Law Office of Tony Forberg and Tony Forberg for Defendants and Appellants.

Brewer & Brewer and Lance A. Brewer for Plaintiffs and Respondents.

————————————

# INTRODUCTION

Defendants and appellants Grant Dagstanyan, Nelly Dagstanyan,[1] and Andranik Alexsanyan (Appellants) appeal a post-judgment order for attorney fees. Appellants contend the trial court abused its discretion when it reduced the requested hourly rate and the number of hours awarded in calculating the fee award. They further contend it was error to credit the amount of the award against an underlying judgment, previously assigned to plaintiff and respondent Becharoff Capital Corporation. Becharoff contends the appealed orders were valid, and further argues that there was no basis for the award of any attorney fees at all.

Appellants have failed to carry their burden to show error. They have not shown the court's reduction of the requested hours or hourly rates was an abuse of discretion, nor have they persuaded us that the court erred when it ordered the fee award to be offset against an earlier judgment. Because Becharoff did not file a cross-appeal, it has forfeited its argument that the fee award was invalid. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A brief discussion of the factual and procedural history behind the judgment in the current case is necessary to

---

[1] We will refer to Grant Dagstanyan and Nelly Dagstanyan by first name only, to avoid any confusion, with no disrespect intended.

understand the basis for the trial court's ruling on Appellants' motion for attorney fees. The underlying case consists of two consolidated cases (the Becharoff Case and the Leal Case), each of which started with a complaint seeking to enforce an earlier judgment.

### *The Becharoff Case*

In the *Becharoff* case (*Becharoff Capital Corp. v. Dagstanyan et al.* (Case No. EC067628)), Becharoff sought to enforce a June 2009 judgment in favor of Bank of America and against Grant and his company, Sav-On-Monolan, Inc. for $110,340.72 (Case No. BC047457, "the Bank of America Judgment." Becharoff is the assignee of the Bank of America judgment. The initial complaint in the *Becharoff* case was filed on November 30, 2017, and alleged seven causes of action on the theory that Grant and his codefendants engaged in fraudulent conveyances of property, including real property located on Lamer Street in Burbank, California, to avoid enforcement of the Bank of America judgment.

### *The Leal Case*

In the *Leal* case (*Leal v. Dagstanyan et al.*, Case No. EC064805), plaintiff Maria Carmen Leal sought to enforce a February 2014 judgment (LASC Case No. LS024960, the "wage claim judgment") entered after Leal obtained an award for $66,756.57 in unpaid wages against Nelly and Sqwash Corporation on October 3, 2013. The initial complaint in the *Leal* case was filed on December 8, 2015, with a second amended

complaint filed June 22, 2018.  Leal alleged that Nelly and her codefendants engaged in a series of fraudulent conveyances of property, including real property located on Lamer Street in Burbank, California, to avoid enforcement of the Bank of America judgment.

### *Activity in the Consolidated Becharoff and Leal Cases*

The *Becharoff* case and the *Leal* case were consolidated in September 2018, with the *Leal* case designated as the lead case. Tony Forberg was the attorney of record for multiple defendants in both cases, including Appellants.

At a hearing on defendants' motion for summary judgment in March 2021, Forberg raised for the first time the argument that plaintiffs' claims may be subject to a statute of repose.  The court ordered supplemental briefing, and subsequently granted Becharoff leave to file a first amended complaint.

In its December 2021 statement of decision, the trial court found that Civil Code section 3439.09, subdivision (c), was a statute of repose extinguishing any cause of action after seven years and preventing any tolling of that time frame.  It found in favor of Appellants in the *Becharoff* case based on the statute of repose.  In the *Leal* case, the court found in favor of Leal and against Grant, Nelly, and several other codefendants on three of the six causes of action, and stated that it would permit Leal to seek attorney fees by motion, "although the Court makes no finding at this time that an award of attorneys' fees is appropriate."

The court entered judgment on February 15, 2022.  We see no indication that any party appealed the judgment.

4

*Appellant's Motion for Attorney Fees*

On April 18, 2022, Appellants filed a motion to determine prevailing party and for attorney fees, asking the court enter a $203,202 fee award.[2] Becharoff opposed Appellants' motion. The trial court took the matter under submission after a hearing on August 12, 2022.[3] On August 15, 2022, the court issued its order granting Appellants' motion for attorney fees, but in the reduced amount of $31,083.75. The court noted that the billing records submitted with the motion for attorney fees did not include a total tally of hours, necessary for a lodestar analysis, but that dividing the $203,202 request by the $540 hourly rate would equate to 376.3 hours. The court then (1) reduced the number of hours by one-half to address Becharoff's examples of time entries seeking to recover time spent on both the Leal and Becharoff cases; (2) subtracted 50 hours because Forberg did not raise the

---

[2] In their statement of facts in the opening brief on appeal, Appellants identify an amount consistent with the motion for attorney fees filed in the trial court; however Appellants claim in the introduction section of the same opening brief that the supporting evidence documents 532.2 hours at $540.00 per hour, for a total fee award of $287,425.00. They offer no explanation for the additional 155.9 hours, and the portion of the record cited to does not specify a total number of hours, so we proceed with the understanding that this higher amount is not supported by the record.

[3] Our record on appeal does not include a reporter's transcript of the hearing.

statute of repose issue until March 2021, less than two weeks before trial; and (3) reduced the remaining hours by one-half because Grant Dagstanyan was the only party entitled to recover fees under the Bank of America contract. The court awarded the 69.075 hours remaining after its deductions, at a rate of $450 per hour, an hourly rate that was based on Forberg's experience and the service he provided in defense of the *Becharoff* case.

Appellants filed a timely notice of appeal.

## DISCUSSION

### *Reduced Attorney Fee Award*

The record is inadequate to support Appellants' contention that the court's decision to reduce counsel's hourly rate and the number of recoverable hours was an abuse of discretion.

Under Civil Code section 1717, subdivision (a), "[r]easonable attorney's fees shall be fixed by the court" in an action "where the contract specifically provides that attorney's fees and costs . . . shall be awarded . . . ." Because a fee award under section 1717 is governed by equitable principles, "the trial court has broad authority to determine the amount of a reasonable fee." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) The trial judge " 'is the best judge of the value of professional services rendered in [the judge's] court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' [Citations.]" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.) Thus, we review the court's determination of reasonable attorney

6

fees for abuse of discretion.  (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691.)

" 'The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.  [Citation.]'  [Citations.]" (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 355.) "An abuse of discretion is shown when the award shocks the conscience or is not supported by the evidence."  (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549–550.)

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate.  'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.'  [Citation.] The reasonable hourly rate is that prevailing in the community for similar work.  [Citations.]  The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided.  [Citation.]  Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary.  [Citation.]" (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1095.)

The record on appeal does not include a reporter's transcript of the hearing on Appellants' attorney fee request. Given the abuse of discretion standard of review, and the absence of a reporter's transcript or suitable substitute, Appellants have

7

not shown that the trial court committed reversible error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [attorney fee award affirmed after appellants "failed to furnish an adequate record of the attorney fee proceedings"].) "[I]t is appellant's burden to provide a reporter's transcript if 'an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . .' (Cal. Rules of Court, rule 8.120(b)), and it is the appellant who in the first instance may elect to proceed without a reporter's transcript (Cal. Rules of Court, rule 8.130(a)(4)) . . . ." (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5.) There are myriad circumstances in which "appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.]" (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 [listing numerous examples where courts have declined to reach the merits of an appellant's claims without a reporter's transcript or suitable substitute].)

Even were we to reach the merits, on the record before us Appellants fail to show the trial court abused its discretion in calculating the award of attorney fees. The trial court did not arbitrarily reduce counsel's hourly rates, nor did it reduce the number of hours for reasons that were outside the bounds of its discretion.

The court's ruling reflected a reasoned exercise of the court's broad discretion in determining the amount of a reasonable hourly rate. Appellants requested a fee award calculated at a rate of $540 per hour. The court reduced the rate to $450 per hour, adopting Becharoff's argument that $540 was excessive in light of Appellants' opposition to Leal's fee motion, in

8

which Appellants argued that Leal's requested hourly fee of $450 was excessive and should instead be capped at $275 per hour.

The court also explained its reasoning for reducing the lodestar based on the following factors: (1) evidence that the attorney's billing records included work on the Leal case, even though Appellants were not entitled to attorney fees in that case; (2) the court's determination that counsel's three year delay in raising the statute of repose defense cost Appellants unnecessary legal fees that could have been avoided had counsel raised the defense in a more timely manner; and (3) that while counsel represented four different defendants in the *Becharoff* case, only Grant Dagstanyan—not his codefendants—was entitled to a fee award. "[T]he trial court may, in its discretion, reduce an award of attorney fees if the attorney's bills are too vague to allow the court to determine if the hours spent on a case were justifiable." (*Minser v. Collect Access, LLC* (2023) 92 Cal.App.5th 781, 797.) In addition, the trial judge possesses wide discretion to reduce fees for what he or she deems to be unnecessary or unrelated work. (*Blue Mountain Enterprises, LLC. v. Owen* (2022) 74 Cal.App.5th 537, 560.) "We have no basis on which to conclude that the court's attorney fee award was 'clearly wrong' or that the court otherwise abused its discretion in determining the amount of the attorney fee award." (*Ibid.*)

### *Offset Against Judgment*

Appellants argue the court abused its discretion by ordering the reduced attorney fee award to be used as an offset against the 2009 judgment against Grant Dagstanyan that was previously assigned to Becharoff by Bank of America. Appellants'

9

mere assertion that there was "no legal basis" for the court's order, without more, is inadequate to carry Appellants' burden to show error.[4] " 'To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.' [Citation.] '[C]onclusory claims of error will fail.' [Citation.]" (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 337.)

### *Becharoff's Affirmative Arguments*

Becharoff makes several arguments that Appellants were not entitled to any award of attorney fees. However, it failed to file a cross-appeal to challenge the fee award. "As a general matter, ' "a respondent who has not appealed from the judgment may not urge error on appeal." ' [Citation.] 'To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants.' " (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585, see also

---

[4] The entirety of Appellants argument consists of the following three sentences, with no citation of legal authority:

> The trial court, after having slashed attorney fees from $202,000 to $31,083, further rules that this sum should be offset against the money owed by Grant Dagstanayn [*sic*] on the underlying judgment.
>
> For one, there is no legal basis to set off against the judgment in the Becharoff action, but Becharoff did not even requested [*sic*] such relief in their opposition to motion for attorney's fees.
>
> Also, this argument would fail if the remaining defendants/appellants are held to also be entitled to attorney fees because they were not parties to the underlying judgment assigned to Becharoff.

*Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 393–394.)  Because Becharoff did not file a cross-appeal from the trial court's order awarding attorney fees, it has forfeited any challenge to the order that seeks affirmative relief.

## DISPOSITION

The post-judgment fee award is affirmed.  Costs on appeal are awarded to Becharoff Capital Corporation.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

BAKER, Acting P.J.

LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11